UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| CYNTHIA WHITE,<br>Institutional ID No. 1210927<br><br>     Petitioner,<br><br>v.<br><br>DIRECTOR, TDCJ-CID,<br><br>     Respondent. | No. 5:19-CV-00109-H |

## OPINION AND ORDER

Petitioner Cynthia White—a state prisoner proceeding pro se—seeks a federal writ of habeas corpus to challenge the legality of her 2003 murder conviction and life sentence under 28 U.S.C. § 2254. (*See* Dkt. No. 1.) Respondent answers that the Court should dismiss White's petition because it is barred by the applicable statute of limitations. Alternatively, Respondent argues that the Court should deny White's petition on the merits. (*See* Dkt. No. 15.) White replies that her petition should not be barred because she discovered new evidence to support her claims after the limitation period expired. (*See* Dkt. Nos. 7, 16, 17.)

For the following reasons, the Court concludes that White's petition must be dismissed as untimely.

**1. Background**

On November 19, 2003, a Texas jury convicted White of murder and sentenced her to life imprisonment. (*See* Dkt. No. 15–1 at 4–6.) The 137th District Court, Lubbock County, Texas entered judgment on the conviction, which was affirmed by the Seventh Court of Appeals of Texas (COA). *See White v. State*, No. 07-03-0515-CR, 2005 WL

1

2495445 (Tex. App.–Amarillo Oct. 7, 2005, pet. ref'd). The Texas Court of Criminal Appeals (TCCA) subsequently refused White's petition for discretionary review (PDR) on March 8, 2006. Afterward, White received a series of five letters from her trial and appellate counsel, David Crook. In the letters, Crook notified White of the TCCA's refusal and presented her possible claims that she could raise in a state application for a writ of habeas corpus, including his own potentially ineffective assistance at trial. (*See* Dkt. Nos. 1 at 11–14, 15–1 at 28–31.) Although Crook initially offered to prepare a supporting affidavit for White's state application, he ultimately recanted after recognizing that, upon further review of the COA's decision, White's potential claims would likely fail. (*See* Dkt. No. 15–1 at 31.)

On January 17, 2019—after receiving Crook's letters but 12 years after the TCCA denied White's PDR—White filed a state application for a writ of habeas corpus, claiming that Crook rendered ineffective assistance by failing to procure a specific jury instruction and that the prosecutor made unlawful objections during voir dire. (*See* Dkt. No. 15–1 at 10–33.) White attached three of Crook's letters, including his last one, where he concluded that White's claims would likely fail. (*Id.* at 28–31.)

On January 24, 2019, White's convicting court issued findings of fact and conclusions of law, recommending that the TCCA deny White's application. (*Id.* at 69–71.) On March 6, 2019, the TCCA denied White's application without a written order. (*Id.* at 9.) On June 5, 2019, White filed the instant federal habeas petition.[1] As she did in her state

---

[1] *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) ('[A] prisoner's habeas petition is filed for purposes of determining the applicability of the AEDPA, when he delivers the papers to prison authorities for mailing.").

application, White complains of ineffective assistance of counsel and prosecutorial misconduct. (*See* Dkt. No. 1.)

2. **Discussion**

    A. **Statute of Limitations**

It is undisputed that White's federal habeas petition is subject to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which establishes a one-year time limitation for a state prisoner to file a federal habeas corpus petition. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009); *see* 28 U.S.C. § 2244(d)(1). The limitation period begins to run from the latest of the following dates:

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D).

However, the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. *Id.* at § 2244(d)(2).

    B. **Equitable Tolling**

AEDPA's one-year limitation period can be equitably tolled since it is not a jurisdictional bar. *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). However, a petitioner is entitled to equitable tolling only if he shows: (1) that he has been pursuing his

rights diligently; and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007).

Equitable tolling is only available in cases presenting rare and exceptional circumstances and is not intended for those who sleep on their rights. *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012). Equitable tolling is not warranted merely because a petitioner proceeds pro se and is not well-versed in the law. *Saahir v. Collins*, 956 F.2d 115, 118–19 (5th Cir. 1992). A mistaken interpretation of the law or lack of knowledge of filing deadlines are not "rare and exceptional circumstances" that justify equitable tolling. *See Wion v. Quarterman*, 567 F.3d 146, 149 (5th Cir. 2009); *see also Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000).

3. **Analysis**

The parties dispute when the limitation period began running. Respondent argues that, under Section 2244(d)(1)(A), the limitation period began to run on June 6, 2006—when White's judgment became "final." White implicitly disagrees. Although she does not argue that a different subsection of Section 2244(d)(1) governs, White contends that her petition should nevertheless not be barred because she discovered new evidence to support her claims—Crook's letters—after the limitation period expired. (*See* Dkt. Nos. 7, 15, 16.)

After liberally construing White's pleadings, the Court will analyze her argument under Section 2244(d)(1)(D) and the doctrine of equitable tolling.

A. **Factual Predicate**

White appears to argue that, under Section 2244(d)(1)(D), the limitation period began to run when she received Crook's letters because that is when she discovered new "testimony" to support her federal claims. (*See* Dkt. Nos. 7, 16, 17.) In other words, White

implies that she did not know or discover the factual basis or predicate of her claims until she received Crook's letters.

White misunderstands the meaning of "factual predicate" in Section 2244(d)(1)(D). Under this section, the limitation period began to run when White could have discovered the *facts* that underlie her claims—here, the prosecutor and Crook's alleged unlawful actions and omissions at trial—not when she received additional *evidence* to prove those claims. "Section 2244(d)(1)(D) does not convey a statutory right to an extended delay while a habeas petitioner gathers every possible scrap of evidence that might, by negative implication, support his claim." *Flanagan v. Johnson*, 154 F.3d 186, 199 (5th Cir. 1998).

White's claims are based on alleged constitutional errors that occurred at her 2003 trial and subsequent direct appeal, which concluded in 2006. But she does not demonstrate or even allege that she was unaware of or otherwise unable to discover those errors until she received Crook's letters. For example, White does not claim that she was not present at her trial or otherwise not informed about her direct appeal—and therefore not in position to discover the factual predicate of her claims—until she received the letters.

For these reasons, the Court concludes that Section 2244(d)(1)(D) does not govern the timeliness of White's federal petition.

### B. Finality of Judgment

Because White has failed to demonstrate that Sections 2244(d)(1)(B), (C), or (D) apply, the Court concludes that Section 2244(d)(1)(A) governs the timeliness of her federal petition. Under Section 2244(d)(1)(A), the limitation period begins to run on the date the judgment becomes final on direct review or when the time for seeking direct review expires. *See* 28 U.S.C. § 2244(d)(1)(A).

Under the United States Supreme Court's rules, a party has 90 days to petition for a writ of certiorari after (1) judgment is entered by the state court of last resort; (2) after entry

of the state court's order denying discretionary review; or (3) if a petition for rehearing is filed, after the denial of the rehearing or the subsequent entry of judgment. *England v. Quarterman*, 242 F. App'x 155, 157 (5th Cir. 2007) (citing Sup. Ct. R. 13)). The time for seeking direct review therefore expires, and the limitation period begins to run, at the conclusion of the 90-day period running from one of these dates. *England*, 242 F. App'x at 157 (citing *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003)).

In White's case, the TCCA refused her PDR on March 8, 2006. Under the Supreme Court's rules, White had until June 5, 2006—90 days after entry of the March 8, 2006 order—to file a petition for a writ of certiorari. Because she did not do so, the Court concludes that the one-year limitation period began to run on June 5, 2006. Thus, absent any statutory or equitable tolling, White had to file her federal petition one year later, by June 5, 2007.[2] But White filed her petition on June 5, 2019—12 years too late.

### C. Equitable Tolling

White appears to argue that, even if Section 2244(d)(1)(A) governs, she is nevertheless entitled to equitable tolling of the limitation period on the same ground previously discussed. The Court disagrees. Not only has White failed to allege or demonstrate that she has been pursuing her rights diligently but, for the same reasons explained above, the Court concludes that White has likewise failed to demonstrate that not having possession of Crook's letters—or some other extraordinary circumstance—prevented her from timely filing her federal petition. *See Hatcher v. Quarterman*, 305 F. App'x 195, 196 (5th Cir. 2008). And under the law of this circuit, White's "lack of knowledge of the law,

---

[2] Although a properly filed application for state-post conviction review may, in some instances, toll the limitation period, state applications filed after the expiration of the limitation period do not. *See Davis v. Stephens*, 555 F. App'x 324 (5th Cir. 2014) (citing *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000)); *see also* 28 U.S.C. § 2244(d)(2). Because White filed her state application on January 17, 2019—almost 12 years after the limitation period expired—the Court concludes that the period during which it was pending before the TCCA does not toll the limitation period.

however understandable it may be, does not justify equitable tolling." *See Fierro v. Cockrell*, 294 F.3d 674, 683 (5th Cir. 2002).

Thus, the Court concludes that White has failed to demonstrate that equitable tolling is warranted in this case.

### 4.    Conclusion

For the foregoing reasons, the Court concludes that White's 28 U.S.C. § 2254 petition was filed after the applicable one-year limitation period expired and should, therefore, be dismissed with prejudice.

In addition, the Court concludes that White has failed to show that reasonable jurists would debate whether the Court's procedural ruling was correct and whether she has put forward a valid claim of a constitutional deprivation. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore denies a certificate of appealability. *See* Fed. R. App. P. 22(b)(1); *see also* 28 U.S.C. § 2253(c).

The Court will enter judgment accordingly.

So ordered.

Dated January 31, 2022.

JAMES WESLEY HENDRIX
United States District Judge